In the Matter of CHARLES J. BARTKUS, Petitioner, against CHARLES COSTER et al., Constituting the Temporary City Housing Rent Commission of the City of New York, Respondents.

Supreme Court, Special Term, Queens County, August 26, 1949.

*Frederick J. Britton* for petitioner.

*Nathan W. Math* and *Joseph Jay* for respondents.

FROESSEL, J. Application under article 78 of the Civil Practice Act to review the determination of the temporary city housing rent commission.

Petitioner is a veteran of World War II and on April 19, 1948, purchased the premises in question, a four-family house, under the G. I. Bill of Rights. This was the first time he ever purchased real property, or had any reason whatsoever to consult an attorney. On August 29, 1948, he married one Anna Manaski, who had a three-year old child by a former marriage. The doctor has advised petitioner that she would bear twins on or about October 7, 1949. He is presently living in one room with his wife and her child in what he describes as the " hostile atmosphere " of his mother-in-law, who took them in temporarily and who insists that she needs their room and they must move.

On April 20, 1948, petitioner made his first application to the respondent seeking possession of the apartment occupied by a tenant named Backman. On September 9, 1948, said petition was denied on the ground that he had failed to establish good faith and immediate compelling necessity. Petitioner further alleges that the record of the first application shows that the only reason for the denial was that petitioner had first failed to seek the eviction of Joseph Gerdin, an heir of the former owner. The record shows, however, that the contract of sale was made by petitioner with the executor of the estate of Joseph Gerdin, and contained a clause by which the purchaser agreed he "would not seek possession of the apartment now occupied by Joseph Gerdin ", an heir of the decedent. The petitioner states that he was informed by the attorney representing him at the time, and who was recommended to him by the broker, that there would be no difficulty in obtaining possession of any other apartment in the house and that the sale would not be concluded unless this provision remained in the contract. There is not the slightest bit of evidence in the record before me that this is not the fact. Appar-

ently because of said provision, the respondent commission inferred lack of good faith.

In any event, petitioner then made a second application to the commission for a certificate of eviction against the said tenant Joseph Gerdin because the attorney for the respondent commission indicated that a petition to evict said Gerdin would be acted upon favorably. That application was denied on the sole ground that the terms of sale prohibited the eviction, the commission thus passing upon the validity of a contract.

Petitioner then proceeded to seek the eviction of Catherine C. Miller, the janitress of said building and former housekeeper for Joseph Gerdin, deceased, who lives in a four-room apartment by herself. On July 13, 1949, this application was denied without a hearing on the ground that " applicant has failed to establish good faith ".

This applicant, it seems to me, has done everything possible to obtain legitimately a home for himself and family. After his war service, he invested his life savings in this building. Because he could purchase the building only under the stipulation that one of three heirs could remain in one apartment of a four-family house, it cannot fairly be said to be bad faith on his part under the circumstances. He is living under impossible conditions with his wife and her one child and twins are expected in a few weeks. Thrice has he applied to the commission, but to no avail. He now seeks to evict the janitress who lives alone in a four-room apartment. Recognizing full well that this court has no right to substitute its judgment for that of the commission, I am constrained to conclude that its action here was arbitrary, unreasonable and unwarranted, and its determination should be annulled.

The application is accordingly granted. Settle order on notice.